**IN THE UNITED STAES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
(Norfolk Division)

| | |
|---|---|
| JAMES CEDRIC HARRIS    ) | |
| Aka, Jamaal Harris    ) | |
| 6478 Chartwell Dr    ) | |
| Virginia, VA. 23464    ) | |
|       Plaintiff,    ) | |
| v.    ) | Civil Case No: _2:19cv 468_ |
|     ) | |
| AMERICA'S AUTO AUCTION    ) | |
| Serve: BEN LANGE, et al    ) | |
| 14951 Dallas Parkway, Suite 200    ) | |
| Dallas, TX 75254    ) | |
|     ) | |
| and    ) | |
|     ) | |
| JERRY DAISEY    ) | JURY TRIAL DEMANDED |
| Serve: Jerry Daisey    ) | |
|       636 S. Military Hwy    ) | |
|       Virginia Beach, VA 23464    ) | |
| and    ) | |
|     ) | |
| WILLIAM LEE    ) | |
| Serve: William Lee    ) | |
|       636 S, Military Hwy    ) | |
|       Virginia Beach VA 23464    ) | |
| _____) | |

## COMPLAINT

Come Now, plaintiff James Cedric Harris, prose pursuant to Title VII, the Americans

with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination

in Employment Act, submits his complaint against the Americas Auto Auction's Ben Lange-

President/CEO and Jerry Daisy and William Lee and in support of the same, state as follow;

1

## PARTIES

1. James C Harris is a Virginia citizen residing in Virginia Beach, Virginia. Plaintiff is a former employee of the Americas Auto Auction, (AAA) and served in multiple capacities, but specific to this complaint plaintiff served as "Check-In and Transportation personnel." Check-in was formally known as the security department and plaintiff was trained and proficient in the duties of a security officer. The name change did not affect the functionality of the post and plaintiff was encouraged to assist in ensuring safety of its employees and remain vigilant over the orderly running of the auction. As transportation personnel plaintiff was required to maintain a valid driver's license and adhere to the prerequisites of the drivers.

2. Ben Lange is a United States citizen residing in Dallas Texas and at all relevant times is the Chief Executive Officer of the Americas Auto Auction which operates 22 automobile auctions throughout the United States. Americas Auto Auction is a wholesale automobile auction company offering the full spectrum of remarketing services for both buyers and sellers of used cars, licensed under the laws of the Commonwealth of Virginia AAA is engaged in the business of providing the public with used automobiles for a fee.

3. Jerry Daisey is a Virginia citizen residing in Hampton Virginia and is employed by the AAA in the capacity of general manager, he's a recent hire by way of promotion from the sales department. Jerry Daisey is the top executive at AAA Virginia, responsible for strategy, structure, budgets, people, and financial outcomes. Jerry Daisey set in motion plans to utilize the company's full-service cafeteria located on the premises of AAA Virginia, 636 S. Military Hwy, Virginia Beach, VA 23464.

4. William Lee is a Virginia citizen residing in Chesapeake, Virginia and is employed by Americas Auto Auction in the capacity of assistant general manager. Prior to the acquisition of ABC Auto Auction by Americas Auto Auction William Lee serve as outside operations manager and remained in that capacity until well after the transition. Mr. Lee's title of assistant general manager is the result of a recent promotion, that was simultaneous with the promotion of general manager.

## JURISDICTION

5. This court has jurisdiction in matters of Title VII, and venue is appropriately laid in the United States District Court District of Virginia, because the events giving rise to the plaintiff's claim against the Americas Auto Auction occurred in the state of Virginia, and its where Americas auto auction regularly conduct business, though principal owner's corporate office is in Dallas Texas.

## ISSUE

6. The Americas Auto Auction has offered what appeared to be a legitimate, non-discriminatory reason for termination. The plaintiff's allegations before this honorable court is the Americas Auto Auction breach a mutual trust by not enforcing its own policies that is believed to promote efficiency and high morals among employees, and second, that deliberate ignorance and selective application of its own policy transgressed the thresholds that constitute and demonstrate "Employment Discrimination?"

## COUNT1
**Plaintiff allege defendants actively engaged retaliatory tactics against plaintiff for; plaintiff initiating a process to assert the rights of others.**

7. On November 19, 2018 plaintiff went to the assistant general manager William Lee and lodged a complaint against general manager Jerry Daisy. Plaintiff informed William Lee that the general manager Jerry Daisy made a racially sensitive comment that caused distractions in the workplace. The assistant general manager arbitrarily and recklessly decided to abandon prescription as provided in the company's policies and informed general manager Jerry Daisy of my concerns.  **See Exhibit # 1**

8. Plaintiff asserts the company's employee handbook provides me with anonymity while the charges are being investigated. The method in which the assistant general manager chose to address my complaint was more about intimidation rather than eradicating the disruptive & offensive conduct of the general manager. That decision was in direct conflict with the anti-harassment policy specify in the employee handbook, and subsequently put the target on my back and contributed to the loss of my employment with the Americas Auto Auction.

## COUNT II

**Plaintiff alleged that Americas Auto Auction decimated my character and the intent of company policy by creating a "Pretext" to support the egregious conduct of both employee and vendor. Specifically, the AGM's deliberate ignorance and blindness is responsible for the wrongful termination and the defamation of plaintiff's character.**

9. On February 13, 2019 at approximately 10 a clock a.m. I had a professional duty and moral obligation to report a serious matter. I had just witnessed a deplorable and unconscionable act by a food vendor at the auction to sell food to the auction goers and I utilize the video camera on my cell phone to record & report it to my supervisor. Please note, immediately after the

4

assistant general manager Will Lee received video recording, he responded in normal fashion; "thanks for the heads up."  **See Exhibit # 2**

10. Plaintiff was sitting in a line of dealer owned vehicles that were staged and poised waiting for the auction lane to open. A loud crashing noise got my attention, results of a strong gust of wind that had blown over a makeshift tent and the grill on which cooked sausages were sitting. (Vendor's food truck was parked in an area where geese graze and leave droppings)

11. Plaintiff observed and overheard the heated exchange between the vendor and his staff and it was apparent the loss of the sausages was a problem, so following my instinct for potential trouble plaintiff began recording; the video clip sent to the AGM depicts the vendor gathering the contaminated sausage from the ground, placing them in pan and back on the truck.

12. Plaintiff asserts he moved the vehicle he was sitting in the length of a parking space to better capture the actions of the vendor collecting the sausage from the ground and this action of plaintiff was exaggerated by defendants to be "use of a cell phone while driving." The video reveals the vehicle moving the length of a car and coming to a complete stop and not moving again until the lane opened, and my focus was on participating with auction's sale. See video clip marked as **Exhibit #3, Exhibit #4 and Exhibit #5**

13. Plaintiff asserts that reporting this incident had a negative impact on GM Jerry Daisy plans to install this food vendor as a tenant in the company's full-service cafeteria. There's been issued with the Health Department and food service providers. **See Exhibit #6**

14. Plaintiff assert it was his duty and routine practice to report occurrences that disrupted the orderly running of the auction and or the safety of auction staff.

15. Plaintiff asserts he's been reporting to William Lee as early December 11, 2015 up until the recent weeks leading up to this instant food vendor issue.  **See Exhibit #7**

16. Plaintiff recently reported a car dealer who made an unwelcomed sexually explicit remarks to a female staff and a car dealer who had stolen gasoline from the company's service truck after normal business hours.

17. Plaintiff asserts the assistant general manager William Lee is not gullible or incompetent, he merely chose to cross out the parts of the policy that preserves the common good and in affect the assistant general manager allowed a cancer to grow.

18. Plaintiff adamantly rejects the testimony of William Lee when he testified before the Virginia employment commission; he stated, "I believe Jamaal acted with good intentions." This is slanderous because the AGM is aware that I am knowledgeable in all areas of the company's policies from chain of custody (relevant to property in repossessed cars) to trip hazards. But his testimony implies my actions were without knowledge of the rule/policy.

19. Plaintiff asserts, unlike with any other driver he was compensated for his performance in two capacities, so while I was parked in that vehicle waiting for the auction lane to open, and I witnessed a wrongdoing that could've potentially harmed anyone purchasing food from that vendor, I was 100% committed to my duty as a security officer.

20. Plaintiff further asserts when working in the capacity of a driver I am 100% committed to that duty which is supported by my driving record and "driving habits" while driving in the auction lane during the sale. All drivers are cautioned to keep the rear wheels of preceding vehicle in the driver's line of sight and observe the speed limit.

21. Plaintiff demonstrates his high degree of concentration by; upon entering the auction block unlocking all doors and putting windows down making it easy for dealers to check the condition of the seats and door jams of the vehicle's for rust. This is a practice, not a

prerequisite. The point is, if I was driving as alleged by defendants, the repetition of routine would've prevented me from observing that food vendor.

22. Plaintiff allege, GM Jerry Daisy and AGM William Lee selectively use provisions in the employee handbook to manipulate a pretext that warranted my immediate termination, without regard for a legitimate business interest or the appearance of impropriety.

23. Plaintiff allege, that the defendant's charges against plaintiff were a pretext to disguise their own retaliatory actions for exposing the food service professionals for their filthy habits and exercising his right to defend others who were under the pressures of being fired.

24. Plaintiff asserts that audio, video and documentary evidence will clearly translate the use of a double standard and also highlight another prudent issue; in March the Americas Auto Auction stated they recognize Jerry Daisy's insensitive racial slur as very serious, then why not on November 19, 2018 when it was first bought to the attention of management?
**See Exhibits #8 and Exhibit #9**

25. Plaintiff allege he was terminated February 13, 2019 during a meeting hastily arranged by Jerry Daisy, this meeting took place immediately after I returned from my lunch break. Plaintiff asserts he declined an offer by Jerry Daisy to resign. At approximately 2 PM on February 13, 2019 Jerry Daisey ordered plaintiff to punch out because plaintiff's employment was terminated.

26. Plaintiff allege his official termination via conference call with corporate's human resource officer Ms Candy Merendt was a pretext to cover up Jerry Daisy's role in plaintiff separation from Americas auto auction. In support of this assertion plaintiff offers that on September 14, 2019 at approximately 7:31 AM William Lee sent me a confusing text message that suggested I had not lost my job. **See Exhibit #10**

7

**CONCLUSION,** but for William Lee's decision to abandon a healthy policy that is designed to create and support a healthy work environment the circumstances would not be as they are for the plaintiff. Plaintiff's demise was inevitable and predicated on William Lee deliberate blindness. Let it not be loss that bigotry, resentment and retaliation are the real elephants in this courtroom, not what is depicted in exhibits #3 video. Plaintiff's pleadings before this court are identical to the pleadings sent to Americas Auto Auction higher echelon staff, so defendants had an opportunity to correct this perplexity before legal remedies were taken. **See Exhibit #11** Plaintiff assert in this digital age General Manager Jerry Daisy and that food vendor should have known that someone with a cell phone is always watching and listening. Plaintiff begs the court to allow this case to serve as an incentive to "remember and acknowledge" that in the United States of America doing the right thing still reigns supreme.

<u>**Prayer for Relief**</u>

WHEREFORE, Plaintiff James C Harris respectfully requests that the court award the following relief:

1. Actual damages in the amount of $9,200.00 jointly and severely against defendants.

2. Punitive damages in the amount of $27,600 jointly and severely against defendants.

3. Such other and further relief as the court deems it just and appropriate.

JURY TRIAL DEMANDED

James C Harris-Prose

8

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

September 10, 2019

James C Harris

9